in Providence/Bristol County Superior Court
nitted: 12/11/2018
lope: 1834364
ewer: Lynn G.

Case 1:22-cv-00262-JJM-PAS   Document 1   Filed 07/12/22   Page 1 of 6 PageID #: 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED

2022 JUL 12 P 4: 18

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN A. LISI

    Plaintiff,

    v.

NICHOLAS BURKE, LISA BURKE,
JOHN BAFFONI, SILVERTREE
RESIDENTAL PROPERITES [FORMERLY
EAST SIDE APARTMENTS]

    Defendant.

C.A. NO.

CA22 262

**PLAINTIFF'S COMPLAINT FOR VIOLATION OF THE PTFA**

Now Comes the Plaintiff John Lisi ("Plaintiff"), and hereby files this civil action Complaint and Jury Demand ("Complaint") against Defendants Nicholas Burke and Lisa Burke, John Baffoni, Silver Tree Residential Properties [formerly East Side Apartments], The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

**INTRODUCTION**

1. This action is brought by Plaintiff seeking declaratory and injunctive relief and compensatory and punitive damages for acts and/or omissions of the Defendant in violation of the Protecting Tenants from Foreclosure Act ("PTFA"). The Plaintiff, at all times relevant hereto, was a was a resident of the City of Warwick, County of Kent, State of Rhode Island.

2. Defendants Nicholas Burke and Lisa Burke, at all times relevant herein, are residents of the Town of West Warwick, County of Kent, State of Rhode Island. The Defendant John Baffoni, at all times relevant herein, was a resident of City of Providence, County of Providence, State of Rhode Island. Silver Tree Residential Properties is a foreign corporation, authorized to do business in the State of Rhode Island.

in Providence/Bristol County Superior Court
nitted: 12/11/2018 3:42 PM
lope: 1834364
ewer: Lynn G.

Case 1:22-cv-00262-JJM-PAS   Document 1   Filed 07/12/22   Page 2 of 6 PageID #: 2

3. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law; specifically, the PTFA.

4. Supplemental jurisdiction over the state law claims set forth herein is predicated on 28 U.S.C. § 1367 as they arise out of the same case or controversy.

5. This civil action challenges Defendants' unlawful denial of protection under the FTPA.

## FACTS RELEVANT TO THIS MATTER

6. On or about February, 2019, the Plaintiff entered into a lease agreement with the Defendants Nicholas and Lisa Burke, to occupy and maintain an apartment located at 73 Service Road, West Warwick, RI 02893. Included in this lease was the requirement that the Plaintiff would supply security for the said premises. For consideration of performing these services, the Plaintiff was allowed to occupy the apartment rent free. The Plaintiff was a bona fide tenant under the PTFA. The Defendants Nicholas and Lisa Burke, as part of the lease, also promised to assist the Plaintiff to secure replacement housing at an apartment owned by the Defendant Silver Tree Residential Properties.

7. On or about June 14, 2019, the said premises was the subject of a foreclosure sale and was subsequently purchased by the Defendant, John Baffoni.

8. The Defendant John Baffoni has refused to recognize the Plaintiff's rights under the PTFA, and has not given the Plaintiff the protections thereunder.

9. As a result of the conduct by Defendant John Baffoni, the Plaintiff has suffered, and continues to suffer, damages.

10. The Defendants Nicholas and Lisa Burke conspired to deprive the Plaintiff of any financial assistance available from various federal agencies. In addition, they refused to assist the Plaintiff in securing new housing as outlined above.

11. The Plaintiff complied with all the terms of the lease. At all times relevant hereto, the Defendant Baffoni knew of the existence of the Plaintiff ash a tenant in the subject premises.

12. On or about September 9, 2020, the Defendant Baffoni, and his agent, Alexander Zemekis, struck and severely injured the Defendant, causing injuries to his ribs and back. The Defendant and his agent intended to cause, and did cause, a harmful contact with the Plaintiff's person.

13. The Plaintiff did not consent to the Defendant's actions.

in Providence/Bristol County Superior Court
nitted: 12/11/2018 3:42 PM
lope: 1834364
ewer: Lynn G.

Case 1:22-cv-00262-JJM-PAS   Document 1   Filed 07/12/22   Page 3 of 6 PageID #: 3

14. As a result of the actions by the Defendant and his agent, the Plaintiff sustained, and continues to sustain, injuries to his back and other bodily parts.

15. On or about September 10, 2020, the Plaintiff came to the Defendant's residence, and again has caused harmful contact with the Defendant, as well as stealing certain personal property and medications belonging to the Defendant, thereby depriving the Defendant ownership and use of said property.

## COUNT I
## [BATTERY]

16. Plaintiff hereby repeats and incorporates by reference all paragraphs above as if fully articulated herein.

17. As a direct, actual and proximate result of the Plaintiff and his agent's conduct, the Defendant has suffered, and continues to suffer, personal injuries, pain and suffering, extreme mental anguish and trauma.

18. As a direct, actual and proximate result of the Plaintiff and his agent's conduct, the Defendant was required to obtain medical services and treatments on various occasions, and in the future, will be compelled to incur additional and substantial obligations for medical treatment, for both physical and mental injuries sustained.

19. As a direct actual and proximate result of the Plaintiff and his agent's conduct, the Defendant has been, and continues to be, unable to work since the events as set forth above, and accordingly has lost wages and has suffered a loss of earning capacity.

20. The Defendant's actions were done knowingly, willfully, and with malicious intent, and the Plaintiff is entitled to punitive damages from the Defendant.

## COUNT II
## [ASSAULT]

21. Plaintiff hereby repeats and incorporates by reference all paragraphs above as if fully articulated herein.

22. The Defendant and his agent intended to cause, and did cause, the Plaintiff to suffer apprehension of an immediate harmful contact.

## COUNT III

### [INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

23. Plaintiff hereby repeats and incorporates by reference all paragraphs above as if fully articulated herein.

24. The Defendant and his agent intentionally caused severe emotional distress to the Plaintiff by their willful, wanton, extremely reckless and indifferent conduct, including but not limited to, engaging in senseless physical attacks upon the person of the Plaintiff which directly led to his severe bodily injuries.

25. The actions of the Defendant and his agent go well beyond all bounds of decency and were done with the purpose of inflicting emotional distress and fear, among other things.

26. The aforesaid actions by the Defendant and his agent were so outrageous in character and were so extreme in degree that a reasonable member of the community would regard such conduct as atrocious, going beyond all possible bounds of decency and as being utterly intolerable in a civilized community.

27. As a direct actual and proximate result of the Defendant and his agent's extremely, reckless and indifferent conduct, the Plaintiff has suffered, and continues to suffer, severe pain, emotional distress, mental anguish and physical injuries as the result of being beaten by the Defendant and his agent.

## COUNT IV

### [Negligent Infliction of Emotional Distress]

28. Plaintiff hereby repeats and incorporates by reference all paragraphs above as if fully articulated herein.

29. The Defendant and his agent negligently caused severe emotional distress to the Defendant by their extremely negligent actions and breach of his duty of care, including but not limited to, engaging in a senseless, physical attack upon the person of the Defendant, which directly led to his severe physical injuries.

30. As a direct, actual and proximate result of the Defendant and his agent's extremely, negligent, reckless and indifferent conduct, the Plaintiff suffered, and continues to suffer, severe pain, emotional distress, mental anguish and physical injuries as the result of being beaten by the Defendant and his agent.

## COUNT V

[Conversion]

31. Plaintiff hereby repeats and incorporates by reference all paragraphs above as if fully articulated herein.

32. When the Defendant and his agent broke into the Plaintiff's premises, the Defendant and his agent wrongfully exercised control and dominion over the Plaintiff's personal property.

33. That the Plaintiff had a right to possess the personal property that was wrongly stolen by the Defendant and his agent.

34. That the Defendant and his agent substantially interfered with the Plaintiff's property by knowingly and intentionally taking possession of the said personal property, by preventing the Plaintiff from having access to the said personal property, by destroying the said personal property, and by refusing to return the said personal property after the Plaintiff demanded its return. The Defendant and his agent took this said personal property for their own use.

35. That the Plaintiff did not consent to this improper taking of his said personal property.

36. That the Plaintiff was harmed by this improper taking of his said personal property.

37. That the Defendant and his agent's conduct was a substantial factor in causing the Plaintiff's harm.

## COUNT VI

[Violation of the Foreclosure Tenant Protection Act]

38. Plaintiff hereby repeats and incorporates by reference all paragraphs above as if fully articulated herein.

39. Plaintiff is not the mortgagor or borrower of Fannie Mae, the prior mortgage holder, and is not the child, spouse, or parent of the mortgagor.

40. The lease that the Plaintiff and the Burkes entered into was an arms-length transaction.

41. The rent stipulated in the lease was a bargained for exchange and was not substantially less than the fair market value for the property insofar as the value of the Plaintiff's services was enough to rise to the fair market value of the premises.

42. As the successor in title to the Burkes, the Defendant Baffoni incurred certain responsibilities under the of Successor in Interest Upon the complete transfer of title to the successor as a result of foreclosure, it is the responsibility of the Plaintiff to comply with the terms and conditions of the Foreclosure Tenant Protection Act [FTPA].

43. The Plaintiff did not comply with his obligations pursuant to said FTPA, and as a result of his noncompliance, the Defendant sustained, and continues to sustain, damages.

WHEREFORE, the Plaintiff demands judgment against the Defendants herein, in an amount which meets the jurisdictional limits of this Honorable Court, together with attorney's fees, punitive damages, costs, and any further relief this Honorable Court shall deem just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

Dated: July 11, 2022

Defendant John Lisi
Pro Se