## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

John Lisi

   VS.                                                C.A. No. 22-262

John Baffoni

### Defendant's Motion to Dismiss Plaintiffs Complaint

Defendant's Motion to Dismiss Plaintiffs Complaint should be granted for the following reasons:

1. In order for the Plaintiff to remove this case to Federal Court, the Federal Court Must have Jurisdiction under 28 U.S. Code 1332. This Statue requires either that parties have a Diversity of Citizenship or it requires that the amount in controversy is over $75,000.00. This case has neither. The Rhode Island District Court has original jurisdiction in eviction matters under R.I.G.L. 8-8-3.

2. The Plaintiff's Complaint that he filed in the Federal Court, is a mirror image of his counterclaim in last eviction in 3CA-2020-7466 and in his separate Superior Court civil case for personal injury (KC-2022-052). In the case of 7466, Plaintiff's Counterclaim was denied. In this lower court case, his counterclaims were dismissed and barred by the doctrine of Res Judicata.

3. Plaintiff claims that he is protected by the PTFA, the "Protecting Tenants from Foreclosure Act". Under this act there is a three-prong test to have a bona fide tenancy. The first is a lease. The second requires the Tenant to PAY fair market rent. The third requires that there must be an arm's length transaction with a third party that is not a parent, child or spouse of the mortgagor. Also, the Foreclosure Tenant Protection Act only applies to "Foreclosing Owner" which is the bank who held the

mortgage prior to the foreclosure, NOT to the person or entity who purchased the property at auction. PTFA does not apply in this case. The Plaintiff, NEVER had a lease and NEVER paid fair market rent to anyone prior to the foreclosure. Rhode Island has its own mirror version of PTFA, which is R.I.G.L. 34-18-38.1. So, again the RI District Court has exclusive jurisdiction in these types of cases, not Federal Court.

4. In the first eviction case with the parties, Plaintiff was a tenant at sufferance. A Judgment entered for the Plaintiff for possession and back rent. Later, the parties agreed to a month-to-month tenancy of $3,000.00 per month. After the Judgment in favor of the Baffoni, the Parties agreed to a new month to month agreement, with Rent Relief paying the back rent and one month of future rent for a total of 18 months. This new tenancy 17 months after the Foreclosure would certainly waive the Plaintiffs claim of a violation of PTFA.

5. Plaintiff has filed this meritless complaint in Federal Court just to delay the State eviction case. In the State District court case, which was decided on May 25, 2022, Plaintiff tried to thwart the trial by filing a motion to stay in the Supreme Court on May 24, 2022 (SU-2022-161MP). Said motion was summarily dismissed by the Court. The within case was originally to be heard on July 1, 2022. Attorneys on both sides thought they could work out a settlement and the case was continued to July 15, 2022. The only thing that was accomplished was to give the Plaintiff time to file another meritless compliant in this case (Federal Court on July 12, 2022, case # 22-262) to try to delay the outcome on the eviction case. Even though the Plaintiff is represented by counsel in the eviction case, he has filed these complaints and motions

Pro Se just to delay and harass the Defendant, which in turn, causes the Defendant to have to pay to defend these actions while the Plaintiff files everything for free by way of a motion for in Forma Pauperis. Regardless of the outcome as to the amount of damages that the Plaintiff will owe, Plaintiff is judgment proof.

Wherefore, the Defendants Motion to Dismiss should be Granted.

/s/ John Baffoni
_____
386 Atwells Ave,
Providence, RI 02909
829-6044
JB@rentprovrealty.com

## CERTIFICATION

I hereby certify that on the 18th day of July, 2022, I mailed a copy of the within to the Plaintiff at 73 Service Road, West Warwick, RI 02893.

/s/ John Baffoni